IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID K. BROADBENT, RECEIVER for MERRILL SCOTT & ASSOCIATES, LTD.; MERRILL SCOTT & ASSOCIATES, INC.; PHOENIX OVERSEAS ADVISORS, LTD.; GIBRALTER PERMANENTE ASSURANCE, LTD.; PATRICK M. BRODY; DAVID E. ROSS II; & MICHAEL G. LICOPANTIS,<br><br>Plaintiffs,<br><br>vs.<br><br>COOPER GAY & CO., LTD.,<br><br>Defendant. | ORDER & MEMORANDUM DECISION<br><br><br>Civil No. 2:05 CV 887 |

This case involves one of the many legal disputes related to the demise of the financial services company Merrill Scott & Associates, Ltd. After the Securities and Exchange Commission filed a lawsuit against Merrill Scott, alleging that the company and its principals were violating securities laws in furtherance of a massive Ponzi scheme, the court appointed David K. Broadbent to serve as Receiver for Merrill Scott and charged him with the task of marshaling and taking control over all of Merrill Scott's funds, assets, and property. (See SEC v. Merrill Scott & Assocs., Ltd., 2:02 CV 39 (D. Utah), Stipulated Order Appointing Receiver (dkt. #15).)

The Receiver filed this lawsuit in an effort to remedy the potential failure of an insurance policy owned by Merrill Scott. Merrill Scott purchased the insurance policy from Certain

Underwriters at Lloyd's, London before the SEC filed its enforcement action.  The Receiver, a short time after his appointment, notified Lloyd's of the SEC action and requested coverage under the insurance policy.  Lloyd's denied coverage on several grounds, one of which was Lloyd's claim that Merrill Scott had failed to disclose that the SEC was investigating Merrill Scott at the time that Merrill Scott was seeking to purchase the insurance policy.  Merrill Scott and Lloyd's are currently in arbitration to resolve the dispute over whether insurance coverage exists.

Cooper Gay & Co., Ltd., the defendant in this lawsuit, and an accredited Lloyd's broker, facilitated Merrill Scott's purchase of the policy.  The Receiver filed this suit against Cooper Gay claiming that Cooper Gay was aware of the SEC investigation and had a duty to disclose the existence of that investigation to Lloyd's.  The complaint alleges breach of fiduciary duty, breach of contract, and negligence.  The last paragraph of each pleaded claim reads: "If Lloyd's succeeds in its effort to avoid payment, [Merrill Scott] will have been damaged in an amount to be proven at trial." (Complaint ¶¶ 11, 15, 19 (dkt. #1).)

Cooper Gay moves for an order dismissing this action, claiming that the court lacks subject matter jurisdiction because the Receiver's claim is not yet ripe.  Alternatively, Cooper Gay requests an order staying this case pending the outcome of the arbitration proceeding involving the Receiver and Lloyd's.  The Receiver opposes Cooper Gay's motion, arguing that subject matter jurisdiction exists over claims that are pleaded in the alternative and that staying this litigation might force the Receiver to duplicate his discovery efforts at the added expense of time and money.  Because the Receiver's claims for relief in this case are contingent on the outcome of the arbitration proceeding, the Receiver's claims are not yet ripe.  Accordingly, the

court grants Cooper Gay's motion and dismisses this action without prejudice.

**Analysis**

"Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Nat'l Park Hospitality Ass'n v. Dept. of Interior, 538 U.S. 803, 807 (2003) (internal quotation marks omitted). "[T]he ripeness issue . . . focuses not on whether the plaintiff was in fact harmed, but rather 'whether the harm asserted has matured sufficiently to warrant judicial intervention.'" Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir. 2004) (quoting Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975)). "The doctrine of ripeness dictates that courts should decide only existing substantial controversies, not hypothetical questions and possibilities; thus, ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." 1 Fed. Proc., L. Ed. § 1:16 (West 2006).

The Receiver readily concedes that his ability to recover on his claims against Cooper Gay in this case is contingent upon Lloyd's avoiding its alleged obligations under the insurance policy. But the Receiver argues that the contingent nature of his claims does not render those claims unripe. In support of his position, the Receiver notes that the Federal Rules of Civil Procedure allow litigants to plead claims in the alternative and that courts do not consider alternatively pleaded claims unripe. See, e.g., Dimensional Music Publishing, LLC v. Kersey, Civil Action No. 05-6437, (E.D. Penn. Aug. 25, 2006), 2006 WL 2458565, at *7 ("Simply because the outcome of one claim is contingent upon the outcome of another claim in the case does not mean that the first claim cannot be alleged or that the first claim is not ripe."); Lawser v. Poudre Sch. Dist., 171 F. Supp. 2d 1155, 1157-58 (D. Colo. 2001) ("[P]laintiff argues that his §

1983 claim is not ripe for adjudication and does not present a case or controversy because that claim is contingent and only arises if the court first rejects his claim for breach of the alleged settlement agreement.  On this point--that an inconsistent claim pled in the alternative is not ripe or does not establish a judicially cognizable case or controversy--the plaintiff is wrong.").

While it is generally the case that alternative claims are not considered unripe simply as a result of their contingent nature, the cases cited by the Receiver do not support the conclusion that a claim contingent upon the outcome of an entirely different proceeding is appropriately ripe for adjudication.  In fact, the language of rule 8(e)(2) of the Federal Rules of Civil Procedure, which allows claims to be pleaded in the alternative, contemplates that the alternative claims will be pursued in the same action.  See Fed. R. Civ. P. 8(e)(2).

The Receiver's complaint is contingent upon the resolution of a dispute involving Lloyd's, which is not named as a defendant in any pleaded cause of action and is not otherwise a party to this action.  In fact, the Receiver concedes that he is unable to join Lloyd's as a party. (See Plf.'s Memo. in Opp'n to Def.'s Mot. to Dismiss 9 (dkt. #18) ("The Receiver could not join Lloyd's as a party to this litigation.").)  Cooper Gay has not moved for an order joining Lloyd's as a party and the court will not sua sponte issue such an order.  Accordingly, the Receiver's claims are not "alternative" in the sense contemplated by the rules of civil procedure and the case law interpreting those rules.

For the foregoing reasons, the court lacks subject matter jurisdiction over the Receiver's claims and dismissal of this action is appropriate.  As a result, there is no need to consider Cooper Gay's alternative request that this matter be stayed pending the completion of the arbitration proceeding.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction,

or in the Alternative, Motion to Stay Litigation Pending the Outcome of Arbitration in a Related Matter (dkt. #15) is GRANTED to the extent it seeks dismissal of this action without prejudice and DENIED as moot to the extent it requests a stay of this action. The Receiver's complaint is dismissed without prejudice.

SO ORDERED this 8th day of November, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge